UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IVAN V. V.,[1]<br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>FRANK BISIGNANO,[2]<br>Commissioner of Social Security,<br>　　　　　　Defendant. | Case No. 2:25-cv-03245-JDE<br><br>MEMORANDUM OPINION AND ORDER |

On April 11, 2025, Plaintiff Ivan V. V. ("Plaintiff") filed a Complaint seeking review of the denial of his application for disability insurance benefits ("DIB"). The Court has reviewed Plaintiff's opening brief (Dkt. 17), the Commissioner's answering brief (Dkt. 24), Plaintiff's reply (Dkt. 25), and the Administrative Record (Dkt. 12 "AR"). The matter now is ready for decision.

---

[1] Plaintiff's name has been partially redacted in accordance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Carolyn Colvin as the defendant.

# I.

# BACKGROUND

Plaintiff protectively filed an application for DIB on September 16, 2022, alleging disability commencing on November 5, 2011.[3] AR 17, 299, 306. After Plaintiff's application was denied initially and on reconsideration (AR 154, 162, 166, 170, 174), an Administrative Law Judge ("ALJ") held a telephonic hearing on January 20, 2023. AR 37-65. Plaintiff, represented by counsel, and a vocational expert ("VE") testified. AR 44, 57.

On October 2, 2024, the ALJ concluded Plaintiff was not disabled. AR 17-31.[4] The ALJ found Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of November 5, 2011, through his date last insured of December 31, 2015, and suffered from severe impairments of: lumbar spondylosis and facet arthropathy, post laminectomy syndrome and bilateral SI joint dysfunction, knee arthralgia, umbilical hernia by history, asthma, sensorineural hearing loss in the bilateral ears with tinnitus, and major depression. AR 21. The ALJ found Plaintiff did not have an impairment or

---

[3] Plaintiff also filed an application for Supplemental Security Income ("SSI"). AR 300. On February 12, 2024, Plaintiff's SSI application was denied at the initial level, due to Plaintiff's income level. AR 189.

[4] Plaintiff previously filed an application for DIB in June 2017. AR 77, 281. In a decision dated August 15, 2018, an ALJ found Plaintiff was not disabled from the alleged onset date, February 15, 2007, through the date last insured, December 31, 2015. AR 17, 77-88, 281. The Appeals Council denied review of the ALJ's decision on December 11, 2018. AR 92-97. There is no indication Plaintiff further appealed the denial of the 2017 application. AR 17. In the present case, the ALJ determined that the previous ALJ's decision was "not final and binding," as Plaintiff "rebutted the presumption of continuing non-disability" by showing a changed circumstance. AR 20 (citing Acquiescence Ruling 97-4(9) and Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988)). If an ALJ is aware of the denial of a claimant's prior application for DIB benefits but accepts an alleged onset date during a previously-adjudicated period and considers evidence of disability from that prior period, then "it is appropriate for the Court to treat the ALJ's actions as a de facto reopening." Lewis v. Apfel, 236 F.3d 503, 510 (9th Cir. 2001).

combination of impairments that met or equaled a listed impairment. AR 24. The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work,[5] with the following limitations:

> [He] could stand and/or walk 2 hours in an eight-hour workday with normal breaks; he could sit 6 hours in an eight-hour workday with normal breaks; he needed to use a hand held cane for all ambulation; he could occasionally climb ramps and stairs; he could never climb ladders, ropes or scaffolds; he could occasionally balance, stoop, kneel, crouch or crawl; he was able to perform work tasks that do not require fine hearing discrimination and allow for face-to-face communication of directions; he needed to avoid concentrated exposure to extreme cold, heat and humidity, wetness, vibration, uneven terrains, fumes, odors, dusts, gases, poor ventilation and pulmonary irritants; he could have no exposure to unprotected heights or hazardous moving machinery; and he was limited to simple and routine tasks.

AR 26. The ALJ found Plaintiff had no past relevant work. AR 29. The ALJ determined that through the date last insured, considering Plaintiff's age, education, work experience, RFC, and the testimony of the VE, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. AR 26. Therefore, the ALJ concluded that Plaintiff was not disabled from the alleged onset date, November 5, 2011, through December 31, 2015, the date last insured. AR 31.

---

[5] "Sedentary work" is defined as: [Li]fting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the agency's final decision. AR 1-6.

## II.
## LEGAL STANDARDS

### A. Standard of Review

Under 42 U.S.C. § 405(g), this Court may review a decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and supported by substantial evidence based on the record as a whole. See Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015) (as amended); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. See Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Id. To assess whether substantial evidence supports a finding, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21; see also Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."), superseded by regulation on other grounds as stated in Smith v. Kijakazi, 14 F.4th 1108, 1111 (9th Cir. 2021).

Lastly, even if an ALJ errs, the decision will be affirmed if the error is harmless (Molina, 674 F.3d at 1115), that is, if it is "inconsequential to the ultimate nondisability determination," or if "the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal

clarity." Brown-Hunter, 806 F.3d at 492 (citation omitted); Smith, 14 F.4th at 1111 (even if the "modest burden" of the substantial evidence standard is not met, "we will not reverse an ALJ's decision where the error was harmless").

**B.     The Five-Step Sequential Evaluation**

When a claim reaches an ALJ, the ALJ conducts a five-step sequential evaluation to determine at each step if the claimant is disabled. See Ford v. Saul, 950 F.3d 1141, 1148-49 (9th Cir. 2020); Molina, 674 F.3d at 1110.

First, the ALJ considers if the claimant currently works at a job that meets the criteria for "substantial gainful activity." Molina, 674 F.3d at 1110. If not, the ALJ proceeds to a second step to determine whether the claimant has a "severe" medically determinable physical or mental impairment or combination of impairments that has lasted for more than twelve months. Id. If so, the ALJ proceeds to a third step to assess whether the claimant's impairments render the claimant disabled because they meet or equal any of the listed impairments in the Social Security Regulations at 20 C.F.R. Part 404, Subpart P, Appendix 1. See Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1001 (9th Cir. 2015). If the claimant's impairments do not meet or equal a "listed impairment," before proceeding to the fourth step the ALJ assesses the claimant's RFC, that is, what the claimant can do on a sustained basis despite the limitations from her impairments. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). After assessing the RFC, the ALJ proceeds to the fourth step to determine if, in light of the claimant's RFC, the claimant can perform past relevant work as actually or generally performed. See Stacy v. Colvin, 825 F.3d 563, 569 (9th Cir. 2016). If the claimant cannot perform past relevant work, the ALJ proceeds to a fifth and final step to determine whether there is any other work, in light of the claimant's RFC, age, education, and work experience, that the claimant can perform and that exists in "significant numbers" in either the national or

regional economies. See Tackett v. Apfel, 180 F.3d 1094, 1100-01 (9th Cir. 1999); 20 C.F.R. § 416.966(a). A claimant who can do other work is not disabled; a claimant who cannot do other work and meets the duration requirement is disabled. See Tackett, 180 F.3d at 1099; see also Woods v. Kijakazi, 32 F.4th 785, 788 n.1 (9th Cir. 2022) (summarizing the steps and noting that "[t]he recent [2017] changes to the Social Security regulations did not affect the familiar 'five-step sequential evaluation process.'").

The claimant generally bears the burden at steps one through four to show she is disabled or meets the requirements to proceed to the next step and bears the ultimate burden to show he is disabled. See, e.g., Ford, 950 F.3d at 1148; Molina, 674 F.3d at 1110; Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). However, at Step Five, the ALJ has a limited burden of production to identify representative jobs that the claimant can perform and that exist in "significant" numbers in the economy. See Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Tackett, 180 F.3d at 1100.

## III.
## DISCUSSION

Plaintiff raises two issues (Dkt. 17 at 4 (native pagination)):

Issue No. 1: Whether the ALJ failed to properly evaluate Plaintiff's symptoms and testimony; and

Issue No. 2: Whether the ALJ erred in analyzing Plaintiff's RFC.

**A.     The ALJ Failed to Properly Evaluate Plaintiff's Symptom Testimony**

1. Applicable Law

When a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms." Treichler v.

6

Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (citation and internal quotations omitted); Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); see also 20 C.F.R. §§ 404.1529(a), 416.929(a). "The standard isn't whether [the federal] court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." Smartt v. Kijakazi, 53 F.4th 489, 500 (9th Cir. 2022). "This standard is 'the most demanding required in Social Security cases.'" Smith, 14 F.4th at 1112 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)); see also Garrison v. Colvin, 759 F.3d 995, 1015 (9th Cir. 2014) ("This [standard] is not an easy requirement to meet.").

      The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the [ALJ] rejected [the] claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885 (alteration in original) (citation and internal quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (citation and internal quotations omitted); see also SSR 16-3p (findings "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms"). But, if the ALJ's assessment of the testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Smartt, 53 F.4th at 500 (citing Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001)). The ALJ's finding may be upheld even if not all the reasons for rejecting the testimony are upheld. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004).

/ / /

2. Plaintiff's Testimony

Plaintiff alleged disability due to back pain, bulging discs, hearing problems, diminished vision, knee problems, and breathing problems. AR 411. He reported experiencing constant pain and numbness in his legs and feet. AR 51-52, 449. Regarding the period between 2011 and 2015, Plaintiff testified that he needed to be off his feet every two to three hours. AR 51. Plaintiff stated that he used a cane, back brace, knee brace, and TENS unit daily. AR 53-54. Plaintiff testified that he would rest two to three hours a day to reduce his pain but sometimes his "back would give out" and he "would [be] bedridden for three days or more." AR 54-56. Plaintiff also reported suffering from hearing loss, emotional problems, depression, and difficulty being in group settings. AR 46, 49, 56. Plaintiff testified that he received epidural cortisone shots, but his pain was "always" present. AR 55.

3. The ALJ's Decision

The ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his reported symptoms were not entirely consistent with the medical evidence and other evidence in the record. AR 27. The ALJ explained that "[m]ost of the treatment for [Plaintiff's] back was conservative, with pain medication and physical therapy, … [which] was only occasionally augmented with more invasive medial branch blocks and radio-frequency ablation." Id. The ALJ also found that the examination records did not substantiate Plaintiff's "testimony that he always used a cane prior to the date last insured." Id.

4. Analysis

An ALJ may rely on conservative treatment in analyzing the severity of subjective allegations. See Parra, 481 F.3d at 751 ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"). Here, the finding that Plaintiff received only conservative

8

treatment for low back pain is not supported by substantial evidence. During the relevant time period, in addition to being treated with prescription pain medication (hydrocodone and gabapentin), physical therapy, and a TENS unit, Plaintiff received bilateral SI ligament trigger point steroid injections (July 2013), bilateral medial branch blocks (March 2014), and radio-frequency ablations (June 2014 and July 2014). AR 27, 616, 976-80, 981-90, 1508-09, 1518-19, 1631, 1846, 1919. Courts have rejected characterization of these types of treatment together as conservative. See Martinez v. Berryhill, 2018 WL 1415163, at *8 (C.D. Cal. Mar. 20, 2018) (rejecting an ALJ's characterization of radiofrequency ablation as conservative); Arthur C. v. Saul, 2019 WL 5420445, at *4 (C.D. Cal. Oct. 23, 2019) (finding that treatment consisting of pain medication, epidural steroid injections, medical branch blocks and radiofrequency ablations not conservative and collecting similar cases); Green v. Astrue, 2012 WL 6574762, at *5 (D. Az. Dec. 17, 2012) (questioning an ALJ's characterization of treatment as conservative where it included medial branch blocks and steroid injections); see also Garrison, 759 F.3d at 1015, n.20 (expressing doubt that "shots to the neck and lower back qualify as 'conservative' medical treatment"). Although the ALJ noted that "the record contained little evidence of additional branch block or ablation procedures" during the relevant period, the Court finds that the ALJ's characterization of Plaintiff's treatment as conservative was not a clear and convincing reason for discounting Plaintiff's symptom testimony. AR 27.

      Defendant argues that Plaintiff's response to treatment was "noted to be 'good'" and Plaintiff's pain was controlled with medication. Dkt. 24 at 11. The ALJ, however, did not cite improvement with treatment as a reason for finding Plaintiff's testimony not credible. The Court may consider only those reasons relied upon by the ALJ, not the Commissioner's post hoc rationalizations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009) (the

Court "review[s] the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."). Moreover, the record reveals that while Plaintiff reported some improvement after receiving steroid injections, medical branch blocks, radiofrequency ablations, and prescription opioid pain medication, the improvement was only temporary. AR 54-55, 616, 979, 984, 988, 1508, 1631, 1661. Indeed, as the ALJ noted, Plaintiff continued to undergo procedures to treat low back pain even after the date last insured. AR 22, 1904 (bilateral medial branch radio frequency ablation), 1905 (medial branch block), 1909 (bilateral sacroiliac joint injection). "[A] few short-lived periods of temporary improvement" do not constitute clear and convincing reasons for rejecting Plaintiff's testimony. See, e.g., Garrison, 759 F.3d at 1018; Salcido v. Saul, 2019 WL 2516875, at *4 (C.D. Cal. June 18, 2019) (finding ALJ improperly discredited plaintiff's subjective statements because her reported improvement with physical therapy, acupuncture, and trigger injections provided only "temporary relief"); Strange v. Colvin, 2016 WL 226376, at *7 (C.D. Cal. Jan. 19, 2017) ("[T]emporary relief is not a valid reason to find plaintiff less than credible.").

Next, the ALJ found that Plaintiff's alleged symptoms and limitations were not consistent with the medical record. AR 27. The ALJ noted that while Plaintiff testified that "he always used a cane prior to the date last insured,"[6] the examination records indicated that Plaintiff had "a normal or near normal gait, and he was not using an assistive device." Id. The ALJ also cited records indicating that Plaintiff "occasionally used a cane for gait and transfers,"

---

[6] Contrary to the ALJ's recitation, Plaintiff did not testify that "he always used a cane prior to the date last insured" (AR 27); rather, he testified he used a cane "daily during that time frame," without specifying how often each day he used a cane or whether he used a cane for ambulating, standing, or only certain activities. AR 53.

"reported walking 'okay,'" "had a slow, casual gait, without antalgia," "walked without an assistive device," "had an independent, but slowed gait," and "reported he could walk up several flights of stairs." AR 27. Although objective medical evidence is a useful factor to consider in evaluating the intensity and persistence of symptoms, the lack of corroborating medical evidence cannot provide the sole basis for rejecting subjective symptom testimony. See Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017); see also SSR 16-3p ("We will not evaluate an individual's symptoms based solely on objective medical evidence unless that objective medical evidence supports a finding that the individual is disabled.").

Defendant avers "the ALJ reasonably considered Plaintiff's activity level in evaluating his complaints." Dkt. 24 at 13. But, it is not apparent that the ALJ relied on Plaintiff's daily activities as a reason for discounting his symptom testimony. The Court does not consider Defendant's post hoc rationalizations. See Bray, 554 F.3d at 1225. In the decision, the ALJ simply noted that in July 2012, Plaintiff's "activity level was diminished, but he was independent with his activities of daily living and occasionally used a cane for gait and transfers." AR 27, 1852. Moreover, Defendant's suggestion that Plaintiff's occasional use of a cane in July 2012 is undermined by the ALJ's RFC assessment, as the ALJ explicitly found that Plaintiff "needed to use a hand held cane for all ambulation." AR 26. Therefore, Plaintiff's daily activities did not provide a clear and convincing reason for discounting Plaintiff's symptom testimony.

Accordingly, the ALJ's consideration of Plaintiff's subjective symptom testimony is not supported by substantial evidence.

### B. Remand Is Appropriate.

The Court has the discretion to remand the matter for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where further administrative proceedings would serve no useful purpose or

where the record has been fully developed, a court may direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); Harman, 211 F.3d at 1179 (noting "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). Remand for further proceedings is appropriate when "outstanding issues must be resolved before a proper disability determination can be made" and it is not clear from the record that the claimant is disabled. See Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, there are outstanding issues that must be resolved before a proper disability determination can be made. The ALJ's failure to properly evaluate Plaintiff's subjective symptom testimony leaves questions about his ability to perform work-related activities on a regular and continuing basis. As further administrative review could remedy the ALJ's error, a remand for further administrative proceedings, rather than an award of benefits, is warranted here. See Brown-Hunter, 806 F.3d at 495 (remanding for an immediate award of benefits is appropriate in rare circumstances). Accordingly, the Court remands on an "open record." Id.; Bunnell, 336 F.3d at 1115-16. The parties may address the issues raised in Plaintiff's opening brief (Dkt. 17) and any other issues relevant to resolving Plaintiff's claim of disability on remand.

## IV.
## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

Dated: November 24, 2025

_____
JOHN D. EARLY
United States Magistrate Judge